# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN L. ARCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-144-JCH |
| ) | |
| PREFERRED FAMILY ) | |
| HEALTHCARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Kevin L. Arch's submission of a civil complaint and a motion for leave to proceed *in forma pauperis*. The Court has considered the motion, and has determined it should be granted. Additionally, the Court has reviewed the complaint, and has determined that it should be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### Legal Standard

The Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action against Preferred Family Healthcare, Inc. ("PFH") and Bridget Hamilton, a counselor employed by PFH. He avers that he and both defendants are Missouri citizens.

Plaintiff asserts that this Court has federal question jurisdiction over this action. In the section of the form complaint soliciting information about the federal statutes, treaties or constitutional provisions at issue, plaintiff wrote:

   1) Obligation of care for myself, (Mr. Arch)

   2) The company and Bridget knew a dangerous condition existed, that caused harm to Arch

   3) The facility and Bridget Hamilton actions caused injuries to Arch.

(Docket No. 1 at 4). Additionally, on the Civil Cover Sheet plaintiff filed with his complaint, he checked a box indicating he was invoking this Court's federal question jurisdiction, and he wrote that he was filing this case under 18 U.S.C. § 2255. Liberally construed, plaintiff can also be

understood to claim this Court has jurisdiction on the basis of diversity of citizenship, as he states he intends to bring claims of negligence and malpractice, claims that are premised upon state law.

In setting forth his claims for relief, plaintiff writes:

> I was drunk and kicked out of my apartment by Bridget Hamilton. The incident happened on 01-29-17 at approx. 11:20 pm at 2609 Rauschenbach Ave. St. Louis, Mo. I was passed out drunk, forced from the home, got in my car and drove away. I was arrested, booked for DWI, car towed and still pending court costs. Bridget Hamilton promoted the eviction and backed it up, with two men. PFH allowed (BH) Bridget to continue to work for PFH even though she was negligent in handling clients with problems (Hampton) ODed on drugs. Her actions as a professional addiction counselor did not conform to the minimal level of professionalism. My well being was put in jeopardy, by BH, I had drunk to passing. I was not in shape mentally and physically to perform normal actions.

(Docket No. 1 at 6). As relief, plaintiff seeks $500,000 because he was "jailed, fined, had car towed (at my expense), lost time in court dates and damage to my driving record," and he writes: "with the jailing, loss of property, life put in jeopardy, court cost, attorney fees, driving privilege suspended. I suffered a lot [of] negative actions because of neglect." *Id.* at 5, 7.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). As noted above, if this Court determines at any time that it lacks jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In the case at bar, plaintiff invokes this Court's federal question jurisdiction, and he states his case arises under 18 U.S.C. § 2255. Section 2255 of Title 18 is the civil remedies provision of the Child Abuse Victim's Rights Act. Plaintiff's claims are wholly unrelated to § 2255, which provides a civil remedy to a person who, while a minor, was the victim of a violation of a statute enumerated therein. *See* 18 U.S.C. § 2255.

Recognizing its duty to liberally construe complaints filed by laypeople, the Court has considered whether plaintiff has asserted a non-frivolous claim under 42 U.S.C. § 1983. The Court concludes that plaintiff has not done so, as he fails to allege facts permitting the conclusion that either defendant acted under color of state law, and that any of his federally-protected rights were infringed. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the necessary elements of a § 1983 claim). Even if plaintiff had so alleged, his complaint would fail to state a cognizable claim under § 1983. Plaintiff alleges the defendants are liable to him because he was arrested for driving while intoxicated and subjected to various consequences after he, while drunk, "got in [his] car and drove away." (Docket No. 1 at 6). These allegations establish that plaintiff himself is responsible for the consequences he suffered, as he chose to drive while

intoxicated. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Plaintiff does not cite, nor is the Court aware, of any other federal statute under which his claims could be brought. The Court therefore concludes that plaintiff's asserted basis of federal question jurisdiction under 18 U.S.C. § 2255 is patently meritless, and that his allegations fail to present a non-frivolous claim of a right or remedy under 42 U.S.C. § 1983 or any other federal statute.

Plaintiff also fails to establish a basis for jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332(a) provides that district courts have jurisdiction over civil actions in which the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In the complaint at bar, plaintiff avers that he and both defendants are Missouri citizens. Plaintiff signed the complaint under penalty of perjury that it was true and correct. (Docket No. 1 at 7). In doing so, he certified that his representations to the Court, including those regarding the citizenship of himself and the defendants, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). It is therefore clear that the parties are not completely diverse, and this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has failed to establish that this Court has jurisdiction over this matter based upon either a federal question or diversity of citizenship. Plaintiff is clear about the claims he wishes

5

to bring against the defendants. It is obvious that the deficiencies of the complaint could not be cured by permitting plaintiff to file an amended pleading. Additionally, there are no additional facts plaintiff could offer that would establish a basis for jurisdiction on the basis of diversity of citizenship, as his signed complaint already establishes the absence of a necessary prerequisite. The Court will therefore dismiss this action pursuant to Rule 12(h)(3) without further proceedings.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of March, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE